UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                          MASTER FILE

REZULIN PRODUCTS LIABILITY LITIGATION
(MDL No. 1348)                                                  00 Civ. 2843 (LAK)

This Document Relates to:     All Cases
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### PRETRIAL ORDER NO. 370
(Defendants' Motion for a *Lone Pine* Order)

Lewis A. Kaplan, *District Judge.*

The lead defendants have moved for an order requiring plaintiffs to produce case-specific expert reports. (Docket Item 3044). The motion is granted, substantially for the reasons set forth in defendants' memorandum and reply memorandum of law. The Court is satisfied that this course is essential to the fair and efficient administration of this litigation. Accordingly, it is hereby

ORDERED, pursuant to Fed. R. Civ. P. 16 and 26, as follows:

1.       Each plaintiff (including each personal representative of an estate of any deceased or of any incompetent Rezulin recipient) and the plaintiff's counsel, in consultation with such medical advisor(s) as they see fit to consult, shall consider whether there are good grounds to continue the action in light of the plaintiff's individual circumstances and the Court's decisions, including its decisions:

(a)       Granting defendants' motion to exclude expert opinions on "silent" liver injury, *In re Rezulin Prod. Liab. Litig.,* __ F. Supp.2d __, 2005 WL 583751 (S.D.N.Y. Mar. 14, 2005);

(b)       Granting defendants' motions for summary judgment as to non-liver-

related injuries, *In re Rezulin Prod. Liab. Litig.,* 2004 WL 1161248 (S.D.N.Y. May 25, 2004); *In re Rezulin Prod. Liab. Litig.,* Pretrial Order No. 358 (S.D.N.Y. Mar. 18, 2005; *In re Rezulin Prod. Liab. Litig.,* Pretrial Order No. 360 (S.D.N.Y. Mar. 21, 2005);

      (c)    Granting defendants' motion for summary judgment as to certain side-effects warned about in the adverse drug reactions table of the Rezulin labeling, *In re Rezulin Prod. Liab. Litig.,* 2004 WL 2029404 (S.D.N.Y. Sept. 9, 2004);

      (d)    Granting defendants' motion for summary judgment as to no-injury and fear-of-future injury claims, *In re Rezulin Prod. Liab. Litig.,* 2005 WL 591125 (S.D.N.Y. Mar. 15, 2005); and

      (e)    Granting defendants' motion for judgment on the pleadings on limitations grounds, *In re Rezulin Prod. Liab. Litig.,* Pretrial Order No. 342 (S.D.N.Y. Jan. 13, 2005), *In re Rezulin Prod. Liab. Litig.,* Pretrial Order No. 362 (S.D.N.Y. Mar. 29, 2005).

If a plaintiff and that plaintiff's counsel conclude that there are good grounds to continue prosecuting the plaintiff's claim, then the plaintiff -- in addition to discharging the plaintiff's obligation to serve timely, fully completed Fact Sheets with the necessary declaration and HIPAA-compliant authorizations – shall serve a Rule 26(a)(2) case-specific declaration, signed and sworn to by a physician or other medical expert ("Expert Report").

      2.    Each Expert Report shall include the following information:

      (a)    The name, professional address, and curriculum vitae of the expert;

      (b)    A list of the plaintiff's medical records reviewed by the expert prior

to the preparation of the Expert Report as well as copies of all such records;

(c) The dates during which the plaintiff used Rezulin and copies of the documents relied upon as evidence of such use;

(d) Whether the plaintiff's medical records report that the plaintiff had ALT (alanine aminotransferase), AST (aspartate aminotransferase), AP (alkaline phosphatase) or bilirubin levels more than two times the upper limit of normal range while the plaintiff as on Rezulin therapy or within 30 days after the last use of Rezulin and, if so, a copy of each document that reflects each instance of such elevated ALT, AST, AP and bilirubin levels;

(e) The expert's opinion on causation of each claimed injury and, if the expert has such an opinion, the date of onset of each claimed injury. The declaration shall include (I) the injury or injuries (including death, if applicable) that the expert opines was caused by Rezulin, and (ii) all grounds for opinions expressed by the expert.

3. Plaintiffs whose cases were filed initially in this Court and plaintiffs whose cases were transferred to this Court (i.e., docketed in this Court pursuant to a transfer order) on or before the date of this order shall serve their Expert Reports on or before the following dates:

| Plaintiffs in Cases in Which the Surname of the First Named Plaintiff Begins with Letter | Date by Which Expert Reports for All Plaintiffs in Such Cases Shall be Served |
|---|---|
| A through I | August 1, 2005 |
| J through R | December 1, 2005 |
| S through Z | April 1, 2006 |

4.      Plaintiffs whose cases are filed initially in this Court after the date of this order shall serve their Expert Reports on or before the 90th day following the date the action is filed.

5.      Plaintiffs whose cases are pending as of and transferred to this Court (i.e., docketed in this Court pursuant to a transfer order) after the date of this order shall serve their Expert Reports on or before the following dates:

| Plaintiffs in Cases in Which the Surname of the First Named Plaintiff Begins with Letter | Date by Which Expert Reports for All Plaintiffs in Such Cases Shall be Served |
|---|---|
| A through I | August 1, 2005 |
| J through R | December 1, 2005 |
| S through Z | April 1, 2006 |

6.      Plaintiffs whose cases are commenced and transferred to this Court after the date of this order shall serve their Expert Reports on or before the 90th day following the date on which the case is docketed in this Court pursuant to the transfer order.

7.      The failure to timely serve an Expert Report with all required information within the time periods prescribed by this order may result in the imposition of sanctions, which may include dismissal of the delinquent plaintiff's action with prejudice.

SO ORDERED.

Dated: April 27, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)