UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

REZULIN PRODUCTS LIABILITY LITIGATION
(MDL NO. 1348)

MASTER FILE
00 Civ. 2843 (LAK)

This Document Relates to: 04 Civ. 7807

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

>Zoe B. Littlepage
>Joshua H. Brockman
>Christopher L. Nichols
>Natasha D. Hanberry
>LITTLEPAGE BOOTH
>*Attorneys for Plaintiff Dixie Ryan*

>David Klingsberg
>Steven Glickstein
>Robert Grass
>KAYE SCHOLER LLP
>*Attorneys for Defendants Warner-Lambert Company LLC and Pfizer, Inc.*

LEWIS A. KAPLAN, *District Judge.*

Defendants move for summary judgment dismissing the complaint of plaintiff Dixie Ryan on the ground that it is barred by the statute of limitations.

The parties agree that plaintiff's expert contends only that plaintiff sustained a Rezulin-induced liver injury in October 1999 when her liver enzymes were elevated, following

which she was taken off Rezulin and her enzymes returned to normal. They agree also that the case is governed by the four-year Florida statute of limitations and that plaintiff did not commence this action until March 22, 2004, more than four years after she allegedly sustained the injury of which she complains. Plaintiff nevertheless contends that the action is timely because (1) the statute of limitations was tolled for ten months because she was a putative member of an alleged class seeking recovery for injuries allegedly caused by Rezulin, and (2) there is no evidence that plaintiff knew of her alleged injury or its alleged causal relationship to Rezulin more than four years before she brought suit.

*Tolling*

Plaintiff argues that her "action was timely filed pursuant to *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974),"[1] which held that the filing certain class actions tolls the statute of limitations for certain claims of all putative class members. As this Court has held, however, the "toll adopted in *American Pipe* was a toll of the federal statute of limitations on a federal claim by virtue of the institution of a federal class action."[2] Where, as here, a plaintiff seeks to toll a state "statute of limitations on purely state law claims," state law "rather than federal law" governs.[3] Thus, Florida law governs the question whether the statute was tolled by the filing of one or more

---

[1] Pl. Mem. 2.

[2] *In re Rezulin Prods. Liab. Litig.,* No. 00 Civ. 2843 (LAK), 2005 WL 26867, at *3 (S.D.N.Y. Jan. 5, 2005).

[3] *Id.*

*See also In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 210, 213 (2d Cir. 1987).

other class actions. Florida does not permit class action tolling.[4]

*Accrual*

Under Florida law, a plaintiff's fraud and product liability claims accrue when "the facts giving rise to the cause of action [are] discovered or should have been discovered with the exercise of due diligence."[5] The "knowledge required to commence the litigation period . . . does not rise to that of legal certainty. Plaintiffs need only have notice, through the exercise of reasonable diligence, of the possible invasion of their legal rights."[6]

In this case, the FDA-approved Rezulin labeling stated at all times relevant to this plaintiff that some patients had experienced reversible elevation of liver enzymes during Rezulin treatment and recommended liver monitoring. On October 12, 1999, a blood test revealed elevation of plaintiff's liver enzymes.[7] Two days later, Rezulin treatment was discontinued. The enzymes remained elevated on November 1, 1999, and a notation on the lab report states "not on Rezulin since 10/14/99,"[8] thus connecting Rezulin with the elevated liver enzymes. By January 19, 2000,

---

[4] *Senger Bros. Nursery, Inc. v. E.I. DuPont de Nemours & Co.,* 184 F.R.D. 674, 680 (M.D. Fla. 1999).

[5] FLA. STAT. ANN. § 95.031(2)(a), (b).

[6] *University of Miami v. Bogorff,* 583 So.2d 1000, 1004 (Fla. 1991) (internal citation omitted).

[7] Rubin Decl. Ex. D (lab report for collection date 10/12/99) (AST of 94 as compared with reference range of 5 to 40 U/L).

[8] *Id.* (lab report for collection date 11/1/99).

however, plaintiff's liver enzymes had returned to normal, and a note on the lab report states "notify Pt [patient] back to baseline 1/21/00."[9]

Plaintiff does not dispute any of the foregoing, but this is the point at which the litigants part company. Defendants argue that the undisputed facts compel the conclusion that plaintiff, had she exercised reasonable diligence, would have known by January 2000 – more than four years before commencement of this action – *at least* that she had experienced an elevation of her liver enzymes, that her physician or other medical professional associated the elevation with Rezulin, that the elevation was reversed when the drug was withdrawn, and that reversible elevations of liver enzymes were associated with Rezulin therapy in a finite proportion of patients. Plaintiff disputes this, primarily on the ground that "there is no evidence . . . that plaintiff . . . knew in 1999 that she had elevated liver enzymes, much less that her liver enzymes were caused by Rezulin."[10]

As a general matter, "knowledge of the contents of accessible medical records is imputed" to the plaintiff under Florida law.[11] If the content of plaintiff's medical records were imputed to her, there would be little question but that she knew or should have known of the possible invasion of her legal rights. One intermediate appellate court, however, has held that this constructive knowledge rule "must be applied on a case-by-case basis within the context of the

---

[9] *Id.* (lab report for collection date 1/19/00).

[10] Pl. Mem. 5-6.

[11] *Bogorff,* 583 So.2d at 1004; *accord, Walls v. Armour Pharm. Corp.,* 832 F.Supp. 1467, 1475 (M.D. Fla. 1993); *Nardone v. Reynolds,* 333 So.2d 25, 34 (Fla. 1976), modified on other grounds by *Tanner v. Hartog,* 618 So.2d 177, 181-82 (Fla. 1993); *see Babush v. Am. Home Prods.Corp.,* 589 So.2d 1379, 1381 (Fla. Dist. Ct. App. 1992).

applicable facts."¹² The question is whether "some physical injury or medical condition or event had placed the plaintiff in a posture where the plaintiff could reasonably have been expected to consider the need to examine medical records."¹³ While it perhaps is arguable that the intermediate court has misapplied Florida law, this Court is obliged to follow it in this diversity case because it is far from clear that the Florida Supreme Court would do otherwise.¹⁴

This record does not compel the conclusion that plaintiff knew or should have known of her elevated liver enzymes more than four years prior to the commencement of this action. Accordingly, it cannot be said as a matter of law that plaintiff then knew or should have known of the possible invasion of her legal rights.

*Conclusion*

Defendants' motion for summary judgment dismissing the complaint of Dixie Ryan as barred by the statute of limitations [00 Civ. 2843 (LAK), docket item 3695] is denied.

SO ORDERED.

Dated: March 15, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[12] *Overholt v. Neto,* 822 So.2d 589, 592 (Fla. Dist. Ct. App. 2002).

[13] *Doe v. Hillsborough County Hosp. Auth.,* 816 So.2d 262, 265 (Fla. Dist. Ct. App. 2002).

[14] *See, e.g., In re Rezulin Prods. Liab. Litig.,* 178 F. Supp.2d 412, 414 & n.9 (S.D.N.Y. 2001) (collecting cases).